IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE: REQUEST FOR JUDICIAL ASSISTANCE FROM THE FEDERAL DISTRICT COURT IN BALTIMORE, MARYLAND IN THE MATTER OF ILONA SPEIGHT V. DREAD SPEIGHT | CASE NO.   Civ. 19-2353 |

**GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**

Now comes the United States of America, by its counsel, Robert K. Hur, United States Attorney for the District of Maryland, and Molissa H. Farber, Assistant United States Attorney, and submits this Memorandum of Law in support of the *Ex Parte* Application for Order,[1] pursuant to 28 U.S.C. § 1782, to execute a Letter of Request from judicial authorities in Karlsruhe, Germany for international judicial assistance to obtain certain testimony from Dread Speight.

**INTRODUCTION**

A request for international judicial assistance comes from the District Court in Karlsruhe,

---

[1] *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("It is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45[(d)](3)."). *See also In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) ("Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte. The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas."); *In re Letter of Request from Supreme Ct. of Hong Kong*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991); *In re Application of Masters for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*, 315 F. Supp. 3d 269, 272 (D.D.C. 2018); *In re Anglin*, No. 7:09cv5011, 2009 WL 4739481 (D. Neb. Dec. 4, 2009). Note, even though these applications are generally filed *ex parte*, they do not need to be filed under seal. *See, e.g.* Order denying Motion to Seal U.S.'s Application for *Ex Parte* Order Appointing Commissioner Pursuant to 28 U.S.C. § 1782, *In re Mutual Assistance of Local Court of Wetzlar, Germany*, 1:17-mc-00078-SKO, 2018 WL 306678 (E.D. Cal. Jan. 5, 2018).

Germany. Specifically, the Court has issued a Letter of Request requesting judicial assistance to obtain testimony for use in the case captioned *Ilona Speight v. Dread Speight*, Foreign Reference Number 1 F 879/17.  *See* Declaration of Assistant United States Attorney Molissa H. Farber, at 2 (attached as Exhibit 1) [hereafter, "Farber Declaration"].  *See also id.* at 5–7 (original request from German Court).

The facts of this case, as stated in the Letter of Request, indicate that the matter is a civil proceeding in which the German Court is adjudicating the divorce of Ilona Speight and Dread Speight.  In order to make its determination, the Court is requesting information regarding the Speights' marriage, divorce, Mr. Speight's nationality, and Mr. Speight's intention to apply for pension rights adjustment.

The German Court sent its request to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance ("OIJA") in Washington D.C. pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 [hereinafter "Hague Evidence Convention"].  OIJA made several unsuccessful attempts to secure Mr. Speight's voluntary compliance with the request.

OIJA then sent the request to the U.S. Attorney's Office for the District of Maryland for execution in accordance with 28 C.F.R. § 0.49(c).  In order to execute these requests for international judicial assistance, authority must be obtained from this Court. 28 U.S.C. § 1782.

## ATTEMPTS TO OBTAIN THE REQUESTED INFORMATION

OIJA sent Mr. Speight three requests for written testimony over the course of three months. Exhibit 1 at 8–19 (letters to Dread Speight).  OIJA sent each request by Federal Express to Mr. Speight at Jessup Correctional Institution, where he is currently housed.  *Id.* at 10, 13, 16 (FedEx tracking information).  Mr. Speight did not respond to any of these letters, and no response has

been received to date.  Exhibit 1 at 2 (Farber Declaration).

## ARGUMENT

**I.     THE HAGUE EVIDENCE CONVENTION**

The Hague Evidence Convention affords each signatory nation the use of the judicial process of other signatory nations, where such assistance is needed in civil or commercial matters, "to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose."  Hague Evidence Convention pmbl.  The Hague Evidence Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987).  The Hague Evidence Convention is in force in both the United States and Germany.  Hague Conference on Private International Law, *Status Table for the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited Aug. 13, 2019) (documenting that the Hague Evidence Convention entered into force in Germany on June 26, 1979).

Article 10 of the Hague Evidence Convention provides that:

In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.

Hague Evidence Convention, art. 10.  Furthermore, Article 9 of the Hague Evidence Convention provides, in pertinent part, that:  "the judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed, and that a 'Letter of Request shall be executed expeditiously.'"  *Id*. at art. 9.

Under Article VI of the United States Constitution, treaties, such as the Hague Evidence Convention, are the law of the land, on an equal footing with acts of Congress, and are binding on the courts. *See Bell v. Clark*, 437 F.2d 200, 203 (4th Cir. 1971). *See also Gandara v. Bennett*, 528 F.3d 823, 830 (11th Cir. 2008) (stating that self-executing treaties are "immediately and directly binding on state and federal courts pursuant to the Supremacy Clause.") (Rodgers, J., concurring); *Bishop v. Reno*, 210 F.3d 1295, 1299 (11th Cir. 2000) (concluding that "an Act of Congress" is on "full parity with a treaty.").

## II. STATUTORY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

The authority for this Court to assist foreign tribunals in obtaining testimony is contained in 28 U.S.C. § 1782. This section states:

> Assistance to foreign and international tribunals and to litigants before such tribunals
>
> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a); s*ee also Aérospatiale*, 482 U.S. at 529 (providing a brief history of the

Hague Evidence Convention). Section 1782 "is the product of congressional efforts, over the span of 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available. *See, e.g., In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151, 1153-54 (11th Cir. 1988). District courts have repeatedly appointed Assistant United States Attorneys to act as commissioners pursuant to this provision for the purpose of rendering judicial assistance to foreign courts in response to a request for assistance. *See, e.g., In re Clerici,* 481 F.3d 1324, 1327 (11th Cir. 2007).

This Court is authorized to provide assistance to the German Court if the three requirements set forth in § 1782 are met. Those requirements are: (1) the person or document for which discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made "by a foreign or international tribunal" or "any interested person." *In re: Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Bayer AG to Take Discovery,* 146 F.3d 188, 193 (3d Cir. 1988); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004); *see also* S. Rep. No. 88-1580 at 2 (1964), *reprinted in* 1964 U.S.C.C.A.N. 3783 (providing Congress' general statement regarding the purpose behind the statute); *Intel*, 542 U.S. at 248–49 (providing a brief history of Section 1782 and federal court aid to foreign tribunals).

Here, each of these threshold statutory requirements is met. First, Dread Speight "resides or is found in" the District of Maryland because Mr. Speight is incarcerated at Jessup Correctional Institution in Jessup, Maryland. *See* Exhibit 1 at 8 (Exhibit B to Farber Declaration) (showing Dread Speight's address). Second, the Letter of Request explains that the testimony is for use in

a divorce proceeding pending in the District Court in Karlsruhe, Germany. *Id.* at 6–7. The letter explains that the testimony will be used to determine whether the marriage at issue has failed. *Id*. at 6. Third, the Letter of Request itself also reflects that it comes from a foreign or international tribunal, as it was sent by a Judge at the District Court for Karlsruhe, Germany. *Id*. at 7.

### III.     DISCRETIONARY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

"[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *See Intel*, 542 U.S. at 264. Indeed, § 1782 "affords the district courts 'wide discretion' in responding to requests for assistance in proceedings before foreign tribunals." *Al Fayed v. United States*, 210 F.3d 421, 424 (4th Cir. 2000). The Supreme Court has set forth certain discretionary factors for a district court to consider before granting a request for judicial assistance:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign entity to judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the requested information is unduly intrusive or burdensome.

*Intel*, 542 U.S. at 264–65. "In exercising its discretion under § 1782, the district court should be guided by the statute's twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Al Fayed*, 210 F.3d at 424; *see also United States v. Morris (In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Ger.)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity."). Here, each of these discretionary factors weigh in favor of assisting the German Court.

With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court." *In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech,* 748 F. Supp. 2d 522, 526 (E.D. Va. 2010) [hereinafter *In re Svitavy*]; see also *Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."). Dread Speight is a party to the proceedings, but he is not subject to German jurisdiction because he is incarcerated in Maryland. Thus, the first factor weighs in favor of granting the motion.

Second, there is nothing in the Letter of Request to suggest that this Court should decline to grant the Application based on the nature of the German Court or the character of the proceedings. Additionally, this request was initiated by the German Court and not by an independent party; therefore, the German Court is receptive to the assistance of this Court and the second factor weighs in favor of granting the motion. *See In re Svitavy*, 748 F. Supp. 2d at 527.

With respect to the third factor, because the requester is the German Court itself, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent German discovery rules or to thwart policies of either the United States or Germany. *See In re Svitavy*, 748 F. Supp. 2d at 529 ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy."). Therefore, the third *Intel* factor weighs in favor of granting the German Court's request for judicial assistance.

And with respect to the fourth factor, the requests seeks the answer to five simple questions about Mr. Speight's marriage, nationality, and intention to apply for pension rights adjustment, and therefore would not be unduly intrusive or burdensome.  *See, e.g., Id.* (holding that providing a DNA by buccal swab is not unduly burdensome).  *See also In re Clerici,* 481 F.3d at 1332 (holding that it was the witness's burden to file a motion to limit discovery and as he had not done so, the Court was not going to address the scope of the request).  Thus, the fourth factor also weighs in favor of granting the request.

In summary, consideration of the four discretionary factors set forth by the Supreme Court in *Intel* favors authorizing judicial assistance to the German Court.

## CONCLUSION

Attached to the Declaration of Assistant United States Attorney Molissa H. Farber is the proposed subpoena that this office intends to serve (in substantially similar format) on Dread Speight should the Court grant the Application pursuant to 28 U.S.C. § 1782.  Exhibit 1 at 21–22 (Farber Declaration Exhibit B).  Upon receipt, Mr. Speight's affidavit will be sent to the Department of Justice, Civil Division, Office of International Judicial Assistance for transmission to the District Court in Karlsruhe, Germany.

WHEREFORE, the United States respectfully requests that the Court issue an Order, in the form attached to the Application, appointing Assistant United States Attorney Molissa H. Farber Commissioner for the purpose of issuing a subpoena to execute the request for international judicial assistance.

Respectfully submitted,

Robert K. Hur
United States Attorney

By:     /s/
Molissa H. Farber
Assistant U.S. Attorney
U.S. Attorney's Office, District of Maryland
36 S. Charles Street, 4th Floor
Baltimore, MD 21201
(410) 209-4862
Molissa.Farber@usdoj.gov